IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KENNETH CHERCH,                    )
                                   )
      Plaintiff,                   )
                                   )
v.                                 )     CASE NO. 2:26-CV-00262-BL-JTA
                                   )
JOY PACE BOOTH, Judge,             )
                                   )
      Defendant.                   )

## MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth Cherch, a prisoner proceeding *pro se*, filed a Complaint under 42 U.S.C. § 1983. (Doc. 1). Upon review of the Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A[1], and for the reasons explained below, this case will be **DISMISSED** without prejudice based on the *Younger* abstention doctrine and judicial immunity.

## I.      THE COMPLAINT

The Complaint names Elmore County Circuit Court Judge Joy Pace Booth as the sole defendant. (Doc. 1 at 1 & 2). The Plaintiff alleges that he has "appeared in court [and] refused plea agreements." (*Id*. at 4). In February of 2025, he sought a fast and speedy trial, but his trial date has been continued due to mental evaluations

---

[1] Under these statutes, the Court is required to dismiss a complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

and other delays. (*Id*.). As a result, he believes his Sixth, Seventh, Eighth, and Fourteenth Amendment rights have been violated. (*Id*. at 3). As relief, he seeks monetary damages and declaratory relief. (*Id*. at 5).

## II.   DISCUSSION

### a.   The *Younger* Abstention Doctrine

As an initial matter, the Plaintiff's claims are due to be dismissed without prejudice pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). "*Younger* established that, based on principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022) (citing *Younger*, 401 U.S. at 43–45). Absent extraordinary circumstances, abstention under *Younger* is required when three conditions are met: (1) the state judicial proceeding is ongoing, (2) the proceeding implicates important state interests, and (3) the state provides an adequate opportunity to raise the constitutional challenge. *See id*. These conditions are satisfied here, as the Plaintiff alleges that his criminal proceeding remains pending; the criminal prosecution of violations of state law "implicates important interests concerning the state's police power," *id*.; and the Plaintiff has the opportunity to raise any challenges regarding the right to a speedy trial in the state courts.

Because the three conditions for *Younger* abstention are satisfied, and because the Court finds no extraordinary circumstances justifying an exception to *Younger* abstention, the Court must abstain from considering the merits of the Plaintiff's claims. *See Kugler v. Helfant*, 421 U.S. 117, 125 (1975) (providing that, to qualify as "extraordinary," the circumstances must create "an extraordinarily pressing need for immediate federal equitable relief"); *see also Johnson*, 32 F.4th at 1099–1102 (holding *Younger* abstention was appropriate on speedy trial claim).[2]  Accordingly, the Complaint is due to be dismissed without prejudice. *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.") (citation omitted).

### b.   Judicial Immunity

Secondly, it is well-established that a plaintiff may not maintain a suit for damages against a judge acting in her judicial capacity. *Mireles v. Waco*, 502 U.S. 9 (1991).  Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies even when a judge's action was in error, done

---

[2] *See also Gates v. Strain*, 885 F.3d 874, 882 (5th Cir. 2018) ("[T]he alleged denial of a speedy trial is not itself a legitimate basis on which to enjoin a state criminal proceeding"); *Brown v. Ahern*, 676 F.3d 899, 902–03 (9th Cir. 2012) (holding that federal courts may not enjoin state criminal prosecution on basis of alleged speedy-trial violation absent an independent showing of bad faith or other extraordinary circumstances); *Brazell v. Boyd*, 991 F.2d 787 (4th Cir. 1993) (unpublished) (holding that a "federal court should abstain from considering [a speedy trial claim] at the pre-trial stage" of a state prosecution where "special circumstances" are "nonexistent"); *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975) (holding that the petitioner's "claim of alleged denial of the right to a speedy trial [by the state court] does not fall within the extraordinary circumstances envisioned in *Younger*").

3

maliciously, or taken in excess of her authority.  *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (citation omitted); *Mireles*, 502 U.S. at 11 (holding that judicial immunity is not overcome by allegations of bad faith or malice).  This immunity may be overcome only if a judge did not act within her judicial capacity or if her actions were taken in the complete absence of all jurisdiction.  *Stump*, 435 U.S. at 356–57.  Importantly, "the relevant inquiry is the nature and function of the act, not the act itself."  *Mireles*, 502 U.S. at 13 (internal quotations and citation omitted).

In this case, the Plaintiff challenges the fact that his trial date has been continued and that he has not received a fast and speedy trial, which he presumably attributes to Judge Booth.  Thus, the allegations against Judge Booth arise from her role as presiding judge over the Plaintiff's criminal proceeding.  There is no indication whatsoever that Judge Booth acted outside the scope of her judicial capacity or that her actions were taken in the complete absence of all jurisdiction.  *See, e.g., Wells v. White*, No. CV 21-435, 2022 WL 3096040, at *2 (M.D. La. June 1, 2022) (providing that setting trial dates and considering motions are normal judicial functions).  Accordingly, Judge Booth is entitled to judicial immunity.

## III.   CONCLUSION

Generally, the Court will afford a *pro se* prisoner an opportunity to amend his complaint at least once.  *See Johnson v. Boyd*, 568 F. App'x 719, 723 (11th Cir. 2014).  However, the Court is not required to allow an amendment that would be

4

futile. *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)). An amendment is considered futile if the complaint as amended "would still be properly dismissed." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (citing *Cockrell*, 510 F.3d at 1310). Because this Court's review of the Plaintiff's claims is not permitted under the *Younger* abstention doctrine, and because the Plaintiff seeks monetary relief from a defendant who is immune from such relief, the Court concludes that an amendment would be futile.

Accordingly, based on the foregoing, it is **ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Final Judgment will be entered separately.

**DONE** and **ORDERED** on this the 13th day of August, 2026.

 

_____
**BILL LEWIS**
UNITED STATES DISTRICT JUDGE

5